FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 9 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES of the BAKERY AND CONFECTIONERY
WORKERS INTERNATIONAL UNION OF
AMERICA LOCAL NO. 3 WELFARE FUND, and
TRUSTEES of the BAKERY AND CONFECTIONERY
UNION AND INDUSTRY INTERNATIONAL
HEALTH BENEFITS AND PENSION FUND,

                          Plaintiffs,

        -against-

B.W.B. BAKERY, INC. d/b/a/ GERTEL
BAKE SHOP,

                          Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-1306 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs move for default judgment against Defendant B.W.B. Bakery, Inc., d/b/a Gertel Bake Shop ("B.W.B. Bakery"). (Mot. Default J. (Docket Entry # 6).) The court grants Plaintiff's Motion, and refers this matter to Magistrate Judge Joan M. Azrack for a Report and Recommendation on damages and injunctive relief.

## I. BACKGROUND

      Plaintiffs, Trustees of the Bakery and Confectionery Workers International Union of America Local No. 3 Welfare Fund (the "Welfare Fund") and Trustees of the Bakery and Confectionery Union and Industry International Health Benefits and Pension Fund (the "Pension Fund"), bring this action in their fiduciary capacity as trustees of two jointly administered multiemployer labor-management funds (the "Funds"). (Compl. (Docket Entry # 1) ¶¶ 4-5.) Both the Welfare Fund and the Pension Fund are employee benefit plans within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (2), (3), and

1

1132(d)(1). (Id. at 4.) Defendant is an employer within the meaning of ERISA and § 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and is a party to a collective bargaining agreement ("CBA"), to which the Funds are third-party beneficiaries. (Id. ¶ 8.)

On March 18, 2011, Plaintiffs filed their Complaint against B.W.B. Bakery. (Compl.) The Complaint alleges that "by failing, refusing or neglecting to comply with specific statutory and contractual obligations" to make contributions to the Funds on behalf of employees performing covered work, Defendant violated the CBA, the Trust Agreements of both Funds, the Collection Policy of the Welfare Fund, the Taft-Hartley Act, and ERISA. (Id. ¶ 1.) Plaintiffs assert four causes of action against B.W.B. Bakery. (Id. ¶¶ 12-30.) Plaintiffs claim that Defendant has failed to remit required contributions to both the Welfare Fund and the Pension Fund for September 2010 through January 2011 (id. ¶¶ 12-17, 21-26), and that Defendant "will continue to fail and refuse to pay contributions and shortages" to both Funds "as they become due and owing" (id. at ¶¶ 18-20, 27-30).

Plaintiffs seek monetary damages for unpaid contributions, interest and liquidated damages, and attorneys' fees and costs. (Compl. at 7-8.) Plaintiffs also seek injunctive relief, directing B.W.B. Bakery "to pay all delinquent contributions and shortages to the Funds" and enjoining them from failing or refusing to make timely required contributions to the Funds going forward. (Id. at 8.) Plaintiffs argue that injunctive relief is necessary to prevent irreparable harm because "B.W.B. Bakery may, during the course of this action, become insolvent or otherwise unable to pay contributions," leaving the Funds with no adequate remedy of law. (Id. ¶¶ 20, 29-30.)

A copy of the Summons and Complaint was properly served on Defendant on March 21, 2011. (Affidavit of Service (Docket Entry # 2) (showing that proof of service was filed with the

2

court on March 24, 2011).) See also N.Y. Bus. Corp. Law § 307. Because Defendant failed to file an answer or otherwise move with respect to the Complaint, the Clerk of Court entered a notice of default against B.W.B. Bakery on June 16, 2011, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 5.) On July 8, 2011, Plaintiffs moved for default judgment. (Docket Entry # 6.) With this Motion, Plaintiffs submitted a four-page affidavit by their attorney (Docket Entry # 7), but no additional supporting documentation. Defendant has not responded, and its time to do so has passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009).

In this case, Plaintiffs' allegations as set forth in the Complaint are sufficient to establish B.W.B. Bakery's liability for unpaid contributions to the Welfare Fund and Pension Fund. Thus, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (providing that "the

court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Court of Appeals for the Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases); see also La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) (making damages determination without a hearing in a pension fund action to recover ERISA contributions).

The court refers this matter to Magistrate Judge Joan M. Azrack for a Report and Recommendation on damages, including any awards of interest, attorneys' fees, or costs. The Report and Recommendation shall also address whether Plaintiff has provided the court with sufficient evidence to satisfy the requirements for injunctive relief. See La Barbera, 666 F. Supp. 2d at 349-50.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Joan M. Azrack for a Report and Recommendation on damages and injunctive relief.

SO ORDERED.

Dated: Brooklyn, New York
      July __, 2011

NICHOLAS G. GARAUFIS
United States District Judge